NOT DESIGNATED FOR PUBLICATION

No. 117,483

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY REED KLING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed November 22, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM:  Anthony Kling appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Kling's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State did not respond to this motion. After review, we affirm the district court.

Kling pled guilty to one count of distribution of methamphetamine, a severity level 3 drug felony; one count of possession of marijuana with a prior conviction, a severity level 5 drug felony; one count of a drug tax stamp violation, a severity level 10 nonperson felony; one count of possession of drug paraphernalia, a class A misdemeanor; and one count of driving while a habitual violator, a class A misdemeanor. In January

2015, the district court granted Kling's motion for a downward dispositional departure and sentenced Kling to 36 months' probation with an underlying sentence of 73 months' imprisonment. When granting Kling's downward dispositional departure, the district judge stated: "I'm very reluctant in this case, given your history, criminal history, in this matter—I'm going to take a chance."

On April 30, 2015, Kling stipulated to violating his probation, which resulted in the district court ordering a 120-day prison sanction and then reinstating Kling's probation. Prior to this sanction, Kling had served four "quick dip" county jail sanctions ordered by his supervising court services officer pursuant to K.S.A. 2016 Supp. 22-3716(b)(4)(A) and (c)(1)(B).

Subsequently, the State moved to revoke Kling's probation for failure to follow the instructions of his probation officer. The district court held a hearing on this motion on July 28, 2016; Kling stipulated to violating his probation, and the district court revoked his probation. The State argued that Kling should be ordered to serve his underlying sentence. Kling's attorney requested that the final resolution of this revocation be set over to have "an opportunity essentially for Mr. Kling to either have enough rope to impress you or to trip over that rope and hang himself." Kling was permitted to return to the community on house arrest, and the district court continued the case as "the last option" for Kling to prove himself. The matter was set over until September 15, 2016.

At the September 15, 2016 hearing, Kling's attorney argued that he should be placed back on probation because Kling had obtained a second job, was able to pay $100 on his fines, and was enrolled to begin college classes in the spring of 2017. The State argued that he should be ordered to serve his underlying sentence because his record preceded him and he was unsuccessful on probation. A staff member from the Residential Center testified that while Kling was in residential treatment, Kling had repeated issues with contraband and being out of place of assignment, and she did not believe that 90

2

days of compliance erased 15 months of noncompliance. The staff member testified that every resource available had been offered to Kling while he was on probation but Kling did not take advantage of the resources. The staff member did not testify at the first probation revocation hearing. After this testimony and argument from the State, the district court ultimately denied Kling's motion to reinstate probation and ordered him to serve his underlying sentence. In doing so, the district judge stated that Kling's progress did not "override . . . the entirety of your file going back now two plus years. You have exhausted your possibilities, and it would be my error to set you back out in the community to do it again. Your record precedes you and that overrides those factors."

On appeal, Kling argues the district court abused its discretion by revoking his probation and imposing the underlying prison sentence. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). This discretion is limited by the intermediate sanctions outlined in K.S.A. 2016 Supp. 22-3716. A judicial action constitutes an abuse of discretion if the action "(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Kling bears the burden to show an abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Here, because Kling admitted to violating the conditions of his probation and had previously received intermediate sanctions, the district court had the discretion to revoke his probation. See K.S.A. 2016 Supp. 22-3716(c)(1)(E). Kling fails to make a showing that *no* reasonable person would have taken the view of the district court. The district court was entitled to revoke his probation and impose his underlying prison sentence. There was no abuse of discretion.

Affirmed.

3